IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JUANITA HOGAN                                                                                           PLAINTIFF

V.                                          4:08-CV-00122-WRW

BG EXCELSIOR LIMITED PARTNERSHIP                                              DEFENDANT

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 19). Plaintiff has responded.[1] For the reasons set out below, the motion is DENIED.

**I.      BACKGROUND**[2]

Defendant hired Plaintiff as Executive Housekeeper for the Peabody Hotel in Little Rock on February 2, 2004, when she was 64 years old. Defendant's employee handbook, which Plaintiff received when she was hired, provides that "employees will be disciplined, up to and including termination, for 'providing false information in connection with any Company investigation . . . .'"

On November 13, 2006, Richard Roeben ("Roeben"), a former employee of Defendant's, sued Defendant for age discrimination. After Defendant filed a counterclaim for conversion, Roeben filed a third-party complaint against Norma Wilcox, Tim Sneed, Kerry Snellgrove, and Brenda Tutor asserting claims for defamation, libel, and slander.[3]

---

[1] Doc. No. 24.

[2] Unless otherwise cited, the Background is from the parties' Statements of Undisputed Material Facts. Doc. Nos. 21, 26.

[3] According to Roeben, Wilcox and Tutor falsely alleged that Roeben had stolen personal property from Defendant. Roeben also alleged that Sneed told Snellgrove that Roeben was fired for stealing hotel property, and Snellgrove announced this information to Defendant's other employees. In September, 2007, Roeben voluntarily dismissed his claims against Wilcox and Tutor.

1

While investigating the Roeben case, Defendant came to believe that Hogan was "involving herself in [an ongoing] formal litigation"[4] against it, so Defendant began "investigating her involvement in trying to contact Kerry Snellgrove."[5] Defendants interviewed James Mason, who said Plaintiff had inquired as to where Snellgrove lived.[6] Plaintiff contends that she knew where Snellgrove lived and had no reason to ask anyone about his address. Defendant determined that Plaintiff had been dishonest about certain events when it was conducting its investigation.

On February 14, 2007, Defendant terminated Plaintiff because it had "found reason to disbelieve her version of events" and based on "ongoing performance issues . . . ."[7]

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[8] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[9]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[4] Doc. No. 24-4, at 6.

[5] Doc. No. 24-5, at 3.

[6] Doc. No. 23-7, Ex. 10, BG-002049.

[7] Doc. No. 23-7, Ex. 10, BG-001708.

[8] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[10] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[11] This court must view the facts in the light most favorable to the party opposing the motion.[12] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[13]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[14]

### III. DISCUSSION

#### A. Retaliation

To prevail on a retaliation claim brought under Title VII, the plaintiff must establish that "(1) she engaged in a activity protected by Title VII; (2) she suffered an adverse employment action; and (3) a causal connection [existed] between her protected activity and the adverse employment action"[15] Once Plaintiff makes this *prima facie* showing, the "burden shifts to the

---

[10]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[11]*Id.* at 728.

[12]*Id.* at 727-28.

[13]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[14]*Anderson*, 477 U.S. at 248.

[15]*Bogren v. Minnesota*, 236 F.3d 399, 407 (8th Cir. 2000).

employer to articulate a legitimate, nondiscriminatory reason for its actions."[16]  If Defendant make this showing, Plaintiff must show that the proffered reason was a pretext for illegal retaliation.

Defendant asserts that Plaintiff cannot maintain her retaliation claim because she did not engage in a protected activity.  Specifically, Defendant points to Plaintiff's testimony that she has "done absolutely nothing to help Mr. Roeben . . . [and that] he has not asked [her] to do anything to help him."[17]  However, Plaintiff also testified that Roeben asked her if she'd "be willing to testify for him on what Mr. Snellgrove" had said, and she told Roeben that she agreed to tell the truth.  At Roeben's suggestion, Plaintiff wrote down the details of her conversation with Snellgrove in a letter.[18]

However, what matters here is not whether Plaintiff engaged in a protected activity -- which appears to be in dispute -- but whether Defendant's <u>believed</u> Plaintiff was engaged in a protected activity.[19]  Here, Plaintiff asserts that Defendant believed she was assisting another plaintiff in a Title VII lawsuit, which is a protected activity.[20]

---

[16]*Hunt v. Nebraska Public Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002).

[17]Doc. No. 20-2, at 44.

[18]Doc. No. 20-2, at 31, 42.

[19]*Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 565 (3d Cir. 2002) (holding that the plaintiff who asserted he was retaliated against because the defendant "*thought* he was engaged in a protected activity" presented "valid legal claim" under Title VII).  See also, *Saffels v. Rice*, 40 F3d 1546 (8th Cir. 1994) (holding that the FLSA "protects employees who are discharged based on their employer's mistaken believe that they reported violation or otherwise engaged in protected activity) -- although *Saffels* was brought under the FLSA rather than Title VII cases, the purposes of the statutes are the same.  Additionally, Defendant's reliance on *Highsmith v. First Step*, No. 5:07-CV-00109-WRW, 2008 WL 2783473 (E.D. Ark. July 16, 2008), is misplaced, since, in that case, the plaintiff was neither involved in a protected activity nor did she allege the defendant believed she was involved in a protected activity.

[20]*Tademe v. Saint Cloud State University*, 328 F.3d 982, 991 n.10 ("Under 42 U.S.C. § 2000e-3(a), protected activity is comprised of either: (1) opposition to employment practices prohibited under Title VII; and (2) filing a charge, testifying, assisting or participating in an investigation proceeding, or hearing convened according to Title VII.").

Defendant's asserted legitimate, non-discriminatory reason for terminating Plaintiff's employment is that "it believed that Hogan lied to [Defendant's] investigators when asked about conversations she had with Mason and Snellgrove."[21]  When Defendant terminated Plaintiff, they informed her that she was being terminated because they had "reason to disbelieve her version of events" and because of "ongoing performance issues."[22]

However, Defendant testified that Plaintiff's job performance in January 2007 met Defendants' "expectation level."[23] Additionally, Plaintiff testified that Defendants told her "there was a serious litigation against the hotel . . . [and she] was involved."[24]

It seems to me that material facts remain in dispute -- for example, whether Defendants believed Plaintiff was assisting the former employee with the Title VII claims (against Defendant), the defamation claim (against former co-workers), or both.

### B.  Age and Gender Discrimination

Plaintiff asserts that she was subjected to age and gender discrimination when Defendant terminated her employment.

To establish a *prima facie* case of age or gender discrimination, Plaintiff must establish that she: (1) is within the protected class, (2) was qualified to perform her job, (3) suffered an adverse employment action, and (4) has facts that give rise to an inference of discrimination."[25]

It is unidisputed that Plaintiff has met parts 1, 2, and 3.  As to part 4, Plaintiff has provided evidence that she was replaced by a significantly younger employee, and that a

---

[21]Doc. No. 20.

[22]Doc. No. 23-7, Ex. 10, BG-001708.

[23]Doc. No. 24-5, at 9.

[24]Doc. No. 24-3, at 19.

[25]*See Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 776 (8th Cir.1995).

5

similarly situated male employee was treated differently. Plaintiff has established her *prima facie* case.

Defendant's asserted legitimate, non-discriminatory reason for terminating Plaintiff's employment was that Plaintiff lied to them when they were conducting an investigation regarding on-going litigation. In response, Plaintiff testified that she was privy to numerous conversations regarding Defendant wanting "new energy" and "younger people" in the hotel. She also presented evidence that Mr. James Mason was not truthful during Defendant's investigation, but was not terminated. Accordingly, Plaintiff has presented sufficient evidence to overcome summary judgment.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 19) is DENIED. The trial will commence at 9:00 a.m., Tuesday, May 19, 2009.

IT IS SO ORDERED this 16th day of April, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE